DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

DANIELLE JAPPA,

Appellant,

v.

MASTER LESSEE MEZZO, LLC d/b/a MEZZO OF TAMPA PALMS
APARTMENTS,

Appellee.

No. 2D21-2488

_____

September 2, 2022

Appeal from the County Court for Hillsborough County; Miriam
Valkenberg, Judge.

Danielle Jappa, pro se.

No appearance for Appellee.

MORRIS, Chief Judge.

Danielle Jappa appeals a default final judgment entered in

favor of Master Lessee Mezzo, LLC d/b/a Mezzo of Tampa Palms

Apartments (Mezzo) in Mezzo's eviction action. Jappa raises several

arguments on appeal, but we find merit in only one. Jappa was entitled to a hearing pursuant to section 83.60(2), Florida Statutes (2020), and the trial court's failure to conduct such hearing requires us to reverse.

At the time the eviction action was filed, Jappa was on a month-to-month tenancy. Jappa was provided with a nonrenewal of lease notice at the end of March 2021, which required her to vacate the apartment by the end of April 2021. When Jappa failed to do so, she became a holdover tenant, entitling Mezzo to seek to recover possession of the apartment as well as double the amount of monthly rent while Jappa refused to vacate it. *See* §§ 83.58, .59.

However, when a landlord seeks to enforce its statutory rights, certain due process requirements must be met. Specifically, section 83.60(2) provides that where a tenant raises any defense besides payment, including but not limited to the defense of a defective notice, the tenant must pay into the registry of the court the accrued rent as alleged in the complaint and the rent that continues to accrue during the pendency of the proceedings.[1] The

---

[1] There is no dispute that Jappa did, in fact, raise other defenses besides payment.

2

clerk of the court must notify the tenant of the requirement in the summons. *Id.*

> Failure of the tenant to pay the rent into the registry of the court <u>or</u> to file a motion to determine the amount of rent to be paid into the registry <u>within 5 days, excluding Saturdays, Sundays, and legal holidays, after the date of service of process</u> constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon.

*Id.* (emphasis added).

Here, the complaint was filed May 6, 2021, and the summons was e-filed the same day. The clerk of the court's certificate of mailing indicates that the summons was issued on May 7, 2021, but it was not mailed until May 10, 2021. The summons itself informs the tenant about the option to either pay the back and accruing rent or to file the motion to determine the amount to be paid <u>within five working days "after the date these papers were given to you or to a person who lives with you or were posted at your home</u>." The return of service of the summons indicates that

3

Jappa was personally served on May 11, 2021.[2]  Jappa filed her motion to determine the amount to be paid on May 17, 2021, which was exactly five working days after she was served with the summons.  Notably, there is no certificate of service attached to the complaint in our record which could have served to establish that Jappa was served electronically with the complaint prior to May 11, 2021.  And Mezzo has failed to appear in this appeal.

Consequently, because the record before this court indicates that Jappa filed her motion to determine the amount to be paid and request for hearing within five working days after she was served with the complaint, the trial court erred by entering a default final judgment without holding a hearing to resolve the disputed issues. *See Axen v. Poah Cutler Manor, LLC*, 323 So. 3d 800, 801 (Fla. 3d DCA 2021) (holding that where trial court failed to dispose of pending motion to determine rent, which had been timely filed pursuant to section 83.60(2), final judgment for eviction was erroneously entered); *see also Prince v. MCR Apts. 1, LLC*, 326 So.

_____

[2] In Jappa's answer/motion to determine the amount to be paid/request for hearing, she asserted that she was served on May 11, 2021.

3d 228, 228 (Fla. 3d DCA 2021) (citing *Axen* and holding that pending and unresolved motion to determine rent precluded entry of default final judgment of removal). Although Jappa has already been evicted and has moved, we conclude that this appeal is not moot because the eviction can have collateral consequences for Jappa when she seeks to obtain housing or credit. Thus the default final judgment must be reversed.

Reversed and remanded.

ATKINSON and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

5